## BULL v. UNITED STATES.
### No. L—383.

Court of Claims.
March 5, 1934.

David A. Buckley, Jr., of Washington, D. C. (Lawrence P. Mattingly, of Washington, D. C., on the brief), for plaintiff.

Elizabeth B. Davis, John A. Rees, and W. W. Scott, all of Washington, D. C., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

At the time of his death on February 13, 1920, decedent was a member of a partnership operating under an agreement containing a provision that in the event of death of a partner the surviving partners, with the consent of the executor, should be at liberty to continue the business for a stated time and the estate of the deceased partner might participate in the gains or losses of the business for such period to the same extent as the deceased partner would have participated if living.

The decedent's share of the partnership profits from January 1 to the date of his death on February 13, 1920, was $24,124.20, and the amount of the profits to which he would have been entitled for the remainder of that year, had he lived and continued a member of the partnership, would have been $212,718.79, which the estate received. Of the latter amount $200,117.09 was received by the estate during 1920 and the balance was received in 1921. The Commissioner included the full amount of the profits from February 13 to December 31, 1920, ultimately received by the executors, together with the earnings accrued to decedent at date of his death, as a part of the estate of the decedent subject to estate tax, and also included the earnings of $200,117.09 received in 1920 as income of the estate for the taxable period February 13 to December 31, 1920, subject to income tax.

We cannot consider whether the Commissioner correctly included the total amount received from the business in the net estate of the decedent subject to estate tax for the reason that the suit was not timely instituted. The only question for decision is whether the Commissioner correctly included the item of $200,117.09 in income for the purpose of income tax payable by the estate.

Plaintiff contends that upon the death of the decedent there was a dissolution of the partnership and that the amount of $212,718.79 paid by the surviving partners from the earnings of the business to December 31, 1920, was a consideration for the acquisition by them of the interest of the deceased partner in the partnership, and that, since the value of the decedent's interest in the partnership at the date of his death, as determined by the Commissioner, was $235,202.99, there was no taxable income to the estate from the transaction.

The defendant insists that the business was continued, either as a partnership composed of the surviving partners and the executor or as a joint venture in which the estate shared in the profits and losses in the same manner as the decedent would have had he lived, and, since the partnership realized profits, the portion of such earnings received by the estate constituted taxable income to it.

We find it unnecessary to discuss the question whether the estate or the executor was a member of a new partnership from February 13 to December 31, 1920, for the partnership agreement, when properly interpreted, did not provide for a sale of a deceased partner's interest to the surviving partners for a consideration to be measured by a proportionate part of whatever profits might be earned by the business for the remainder of the calendar year in which such member died. The language of the agreement shows clearly, we think, that the estate of a deceased partner, if it elected not to withdraw the decedent's interest immediately, was to give up no rights with respect to the property of the deceased in the business at the date of death if profits should be earned by the continuance of the business by the surviving partner, or partners, for the remainder of the calendar year. If the operation of the business had resulted in a loss, the estate would have shared therein at least to the amount of earnings accrued to the deceased partner at the date of his death. Burwell v. Cawood (Mandeville's Executor), 2 How. 560, 11 L. Ed. 378. However, as there was no loss, we need not further discuss this phase of the agreement. In this case profits were earned and the estate became entitled to receive, and it did receive, in final settlement, that which the decedent would

have been entitled to receive at December 31, 1920, had he lived until that date, namely, the profits accrued to decedent to February 13, 1920, of $24,124.20 and a portion of the profits of the business from February 13 to December 31, 1920, in the amount of $212,-718.79. The first-mentioned amount of $24,-124.20 was taxable income to the decedent for the taxable period prior to his death and constituted a part of his estate for the purpose of the estate tax. This amount was not again taxable to the estate when received, but the amount of $212,718.79 was taxable income as a gain or profit derived by the estate from the use or employment of the property belonging to the decedent at the date of his death, pursuant to an arrangement between the decedent and the other partners prior to his death, to the carrying out of which the estate agreed.

The business in which decedent was a partner was largely, if not entirely, of a personal-service nature. No cash capital or other tangible asset was required and none was invested by the partners. The earnings depended largely upon the personal acquaintance and business relationship of the partners, and shippers and shipowners. Good will was important. When considered in connection with the nature of the business, the agreement, which was made at the time the partnership was first formed, shows that its purpose was to provide a method whereby the business would not be suddenly disrupted in the event of death of any of the partners by immediate withdrawal of accumulated funds by the estate, possible necessity of change in name, or a controversy with respect to matters of accounting.

The estate consented to allow the interest of decedent in the partnership at the date of his death to remain in the business for a period subsequent to death and to a continuation of the business by the surviving partners in accordance with the method provided in the agreement until December 31, 1920. As a result, the estate received $212,718.79 as a gain which was earned subsequent to February 13, 1920. The estate, being a taxable entity, was clearly liable for income tax on this income and was properly taxed on $200,-117.09 thereof received in 1920.

The petition must, therefore, be dismissed. It is so ordered.