## LONGYEAR REALTY CORPORATION v. KAVANAGH, Collector of Internal Revenue.

### No. 10122.

Circuit Court of Appeals, Sixth Circuit.

July 8, 1946.

Angell, Turner, Dyer & Meek, and Walter M. Meek, all of Detroit, Mich., on the brief, for appellant.

Harry Baum, of Washington, D. C. (Sewall Key, Helen R. Carloss, and Lester L. Gibson, all of Washington, D. C., and John C. Lehr and Morris Zwerdling, both of Detroit, Mich., on the brief), for appellee.

Before HICKS, MARTIN, and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

In our judgment, neither the opinion of the Supreme Court in Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, nor that in McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46, both of which have been stressed in argument of counsel, points the way to decision of the instant case. The McEachern case dealt with the question whether over-payments of income taxes for three consecutive calendar years were so related to a tax on income, which should have been but was not assessed against the taxpayer for an earlier year, as to preclude recovery of the overpayments, although collection of the tax for the earlier year was barred by the statute of limitations. There would seem to be no justification whatever on the present record for application of the recoupment theory as announced in the Bull case.

The appellant, Longyear Realty Corporation, owned certain stock in a corporation whose only consequential asset was stock in a third corporation, which in 1931 was adjudged bankrupt with no resultant dividends to stockholders. Thus, the stock became worthless during the calendar year 1931, entitling appellant to a deduction for income tax purposes for that year in the amount of $15,355, if the loss had been shown on its tax return or proper refund claim had been filed within the period of statutory limitation. Had such course been pursued, the appellant's income tax for 1931 would have been reduced by $1,842.60. But the taxpayer did not consider

the stock worthless in that year; and, when the corporation whose shares it owned was dissolved in 1934, appellant claimed that the $15,355 stock loss reduced its tax for that year to the extent of $2,111.31.

The claimed loss was disallowed by the Commissioner of Internal Revenue; and, on the ground that the deduction taken by the taxpayer in 1934 was improper, a deficiency income tax in the amount of $2,111.31 was assessed against the appellant on its 1934 return. On December 22, 1938, appellant paid the deficiency assessment of $2,111.31, plus $472.82 interest; and, on December 13, 1940, it filed an unsuccessful claim for refund of such payment. The claim was disallowed by the Commissioner on June 21, 1941, and the present action was brought in the district court on June 19, 1943.

The significant and decisive fact is that, concededly, *no claim for refund of taxes paid for the year 1931 was filed by the appellant during the prescribed period of statutory limitation.*

The claim for refund filed on December 13, 1940, was in the alternative. First, it was claimed that the stock loss was properly deductible for the year 1934. Appellant then admitted that the deficiency assessment for 1934 was legal and rested on its alternative claim that, on the theory of recoupment, it is entitled to refund of $1,842.60, admittedly overpaid on its 1931 income tax as a result of not claiming the tax loss as accruing in that year. Its claim for refund was filed more than seven years after the filing date of its 1931 return; so, even applying the 1942 amendments extending to seven years from the date for filing income tax returns the period for claiming refund of losses from worthless securities and bad debts, the claim of appellant for refund when made was barred by the statute of limitations. See 26 U.S. C.A. Int.Rev.Code, § 3774(a); 26 U.S.C.A. Int.Rev.Code, § 3775(b); 26 U.S.C.A. Int. Rev.Code, § 3801(f); 26 U.S.C.A. Int.Rev. Code, § 322; 26 U.S.C.A. Int.Rev.Code, § 322(b) (5).

We have read and duly considered the authorities cited both by the appellant and

464

by the appellee as listed in the footnote,[1] but find no occasion for discussion of them. No factual setting for application of the doctrine of recoupment is presented. The instant action, brought by the tax-payer, is plainly barred by the failure of the taxpayer to make a timely claim for refund. We see nothing else in the case.

The judgment of the district court is affirmed.

---

[1] Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421; McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46; Deputy v. duPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; Commissioner v. Gooch Co., 320 U.S. 418, 64 S.Ct. 184, 88 L.Ed. 139; New Colonial Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265; Electric Storage Battery Co. v. Rothensies, 3 Cir., 152 F.2d 521; Dixie Margarine Co. v. Commissioner of Internal Revenue, 6 Cir., 115 F.2d 445; Gooch Milling & Elevator Co. v. Commissioner of Int. Rev., 8 Cir., 133 F.2d 131; American Light & Traction Co. v. Harrison, 7 Cir., 142 F.2d 639; Hall v. United States, 43 F.Supp. 130, 95 Ct.Cl. 539; Lynchburg Coal & Coke Co. v. United States, 47 F.Supp. 916, 97 Ct.Cl. 517; Dunigan v. United States, 23 F.Supp. 467, 87 Ct.Cl. 404; Mills v. United States, D.C.N.D.N.Y., 35 F.Supp. 738.