**Agape KOJES, Executrix of the Estate of Arthur Kojes, deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 63-C-286.**

United States District Court
E. D. New York.

June 3, 1965.

Alexander D. Sioris, New York City, for plaintiff; Henry E. Coleman, New York City, of counsel.

Joseph P. Hoey, U. S. Atty., Eastern District of New York, for defendant; Moshe Schuldinger, Tax Division, United States Department of Justice, of counsel.

BARTELS, District Judge.

Arthur Kojes died on August 31, 1956. Shortly thereafter, on September 19, 1956, $32,922.00 was discovered in a steel safe located in a diner, in which the decedent held a half interest. $26,-922 was turned over to the decedent's executrix and included in the estate tax return filed on February 19, 1958. Two days later an estate tax of $2,761.40 was paid and an additional assessment of $1,-349.20 was paid on August 17, 1960. The discovery of the cash hoard led to an investigation by the Internal Revenue Service which disclosed that, in addition to operating a diner, the decedent had been engaged in money lending and had failed to report income earned from that source. Accordingly, the Commissioner proposed to assess income tax deficiencies for the years 1949 through 1956. On September 14, 1960, the taxpayer filed a petition in the Tax Court contesting the proposed deficiencies. The case was subsequently settled by the parties and the Tax Court entered a final order with respect thereto on February 23, 1962.

Approximately eight months later, on October 4, 1962, after a refund of estate taxes had been barred by Limitations, the estate filed a claim for refund of said estate taxes in the amount of $4,081 upon the ground that the income taxes and interest paid were a proper deduction as a debt for estate tax purposes. On October 31, 1962, the claim was rejected and on March 12, 1963 this suit was filed. On April 22, 1964, the Government moved to dismiss the complaint on the ground that plaintiff's failure to file a timely claim for refund of estate taxes in accordance with the provisions of Sections 7422(a) and 6511(a) of the Internal Revenue Code (IRC) of 1954 [1] deprived this Court of jurisdiction over the subject matter of the action.

On May 21, 1964, this Court granted the Government's motion to dismiss the complaint with leave to the taxpayer to serve an amended complaint setting forth the theory of equitable recoupment. This was done on July 14, 1964, and the Government again moved under Rule 12(b)(1), Fed.Rules Civ.Proc., 28 U.S.C.A., to dismiss the complaint for lack of jurisdiction or, in the alternative, under Rule 12(b)(6), Fed.Rules Civ.Proc., 28 U.S.C.A., for failure to state a claim upon which relief can be granted.

I

The doctrine of equitable recoupment was introduced in tax law initially in 1935 by the case of Bull v. United States, 1935, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, which allowed recoupment in favor of the taxpayer. There an executor of an estate erroneously included in the estate, on which he paid an estate tax, certain income upon which the Commissioner subsequently assessed an income tax. The executor appealed to the Board of Tax Appeals from the proposed income tax deficiency but his appeal was dismissed. It was then too late to file a claim for refund of the estate taxes. Thereafter the executor paid the income

---

1. 26 U.S.C.A. §§ 7422(a) and 6511(a).

tax, filed a claim for refund thereof, and instituted an action in the Court of Claims to recover the income tax or, in the alternative, a credit against said income tax in the amount of the estate tax paid upon the same item. The Supreme Court allowed the claim for refund of the estate tax in recoupment against the Government's claim for income tax upon the ground that both taxes arose out of the same transaction. Sections 608(a) and 609(b) of the Revenue Act of 1928 [2] were not mentioned in the decision although effective at the time of the decision but not at the time the claim arose.

Two years later in Stone v. White, 1937, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265, recoupment was allowed in favor of the Government in an attempt by Trustees to recover taxes improperly paid by them on income payable to and taxable to their beneficiaries against whom the Government's claim was then barred.[3] Later in the same year, however, the principle received a severe shock in the case of McEachern v. Rose, 1937, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46, where it was held that the Government was barred from resorting to recoupment by virtue of Sections 607 and 609(a)[4] of the 1928 Act, which prohibited the Government from crediting an unpaid tax deficiency whose collection was barred against a taxpayer's overpayment.[5] The corollary of these sections forbidding a credit by a taxpayer of a barred overpayment against a tax deficiency is found in the same statute.[6] These sections have been carried forward into the Internal Revenue Code of 1954 as Sections 6401, 6514(b) and 6514(a)(1).[7] There is nothing in the history of the statute which indicates that the sections are not applicable where there is a claim of recoupment. No persuasive reason seems to have been advanced as to why McEachern v. Rose does not hold that recoupment in tax cases is no longer available although several have been offered.[8] At all events it

2. Revenue Act of 1928, ch. 852, §§ 608 (a) and 609(b), 45 Stat. 874–875.
  § 608. "A refund of any portion of an internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) made after the enactment of this Act, shall be considered erroneous—
  "(a) if made after the expiration of the period of limitation for filing claim therefor, unless within such period claim was filed;"
  § 609. "(b) Credit of barred overpayment.—A credit of an overpayment in respect of any tax shall be void if a refund of such overpayment would be considered erroneous under section 608."

3. Treating the two taxpayers in equity as one and the same, the case may be viewed as an attempt by the same taxpayer to recover taxes properly assessed rather than one involving the principle of recoupment.

4. Revenue Act of 1928, ch. 852, §§ 607 and 609(a), 45 Stat. 874–875.
  § 607. "Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or re-

funded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."
  § 609. "(a) Credit against barred deficiency.—Any credit against a liability in respect of any taxable year shall be void if any payment in respect of such liability would be considered an overpayment under section 607."

5. Accord, Lyeth v. Hoey, 2 Cir. 1940, 112 F.2d 4.

6. Sections 608(a) and 609(b) of the Revenue Act of 1928. See note 2 supra.

7. 26 U.S.C.A. §§ 6401, 6514(b) and 6514 (a) (1).

8. In 28 Va.L.Rev. 577 (1942), McEachern is explained on the ground that neither the pleadings nor the factual situation justify recoupment and that while *general equities* do not prevail over statutes of repose, a *special* equity of recoupment does prevail over such a statute. This is hair splitting and begs the question. In addition, this explanation assumes that the statute is one of repose rather than one which extinguishes the right. A number of authorities have apparently avoided McEachern v. Rose on the assumption that equitable principles prevail over the limitation provisions of the 1928 and 1954 Acts. United States v. Bowcut, 9 Cir. 1961, 287 F.2d 654;

is quite clear that there is no statutory warrant for the recoupment theory and the case law, at most, ·strictly limits the doctrine to a situation where both the claim and the recoupment arise out of a single taxable event. Rothensies v. Electric Storage Battery Co., 1946, 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296.[9] As said by Judge Frank in Wood v. United States, 2 Cir. 1954, 213 F.2d 660, 661: "Frankly, we do not know just how much of that doctrine still lives. But we think it lacks all vitality unless there has occurred a 'single taxable event.' "

## II

■ Even were one not convinced that recoupment has lost its vitality, there are two reasons which bar its availability here. The only theory under which plaintiff can fall within Bull v. United States is by adopting the fiction that the plaintiff's claim for a refund of estate taxes is actually a claim for refund of income taxes.[10] In such event the claim would be timely inasmuch as the income tax was paid on December 15, 1961 and the claim was filed on October 4, 1962, which was within the two-year period provided by Section 6511(a) of the IRC of 1954. While these facts approach, they are not identical with, the facts in the Bull case for the following reasons:

■ (1) In the Bull case both the estate and income taxes were imposed upon a single taxable event, whereas in the present case the estate tax was imposed upon $26,922 discovered in the diner's safe and the income taxes were imposed upon income received during the period from 1949 through 1956 as thereafter reconstructed from bank accounts and cash reported during that period. The estate tax was imposed upon one sum arising out of one event but the income tax was imposed upon several sums arising out of several events occurring during a period of approximately eight ·years.[11]

■ (2) The taxpayer in this case resorted to the Tax Court for redetermination of his income tax liability and after that Court entered a final order thereon he irrevocably lost his opportunity to relitigate his income tax liability by way of recoupment or otherwise in the district court. Elbert v. Johnson, 2 Cir. 1947, 164 F.2d 421; Section 6512 (a) of the IRC of 1954.[12] It is true that in the Bull case the executor also appealed to the Board of Tax Appeals in connection with the income tax deficiency but at that time there was no statute in effect equivalent to Section 6512(a) which, after suit in the Tax Court, specifically bars a suit in any other court for the same tax liability.[13]

[5] No claim for refund of the estate tax having been filed within the limitation period prescribed by Section 6511(a) and recoupment not being available, a suit for such refund in this Court was barred by 26 U.S.C.A. § 7422(a). Con-

---

United States v. Herring, 4 Cir. 1957, 240 F.2d 225; Pond's Extract Co. v. United States, 1955, 133 Ct.Cl. 43, 134 F.Supp. 476. But see Mintz and Plumb, Doctrine of Equitable Estoppel, Tax Institute, U. of So.Cal. (1954) 481, 504–506, 513–515.

9. In that case the court refused recoupment of barred excise taxes for 1919 to 1922 against an income and excess profits tax deficiency for 1935. In footnotes 1 and 3 the court indicated that sections 608(a) and 609(b) "seem to direct a result opposite to that asked by respondent. * * * cf. McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46" and also that both parties are equally affected by the policy of·repose.

10. Factually speaking, the plaintiff is not entitled to any refund of income taxes and has filed no claim therefor. Under the circumstances, the Government has not consented to be sued and the Court has no jurisdiction over this action.

11. Contra, United States v. Herring, supra, which this Court does not believe it is obligated to follow.

12. 26 U.S.C.A. § 6512(a).

13. Section 284(d) (the predecessor of Section 6512(a) of the 1954 Act) was enacted by the Revenue Act of 1926, after the petitioner had filed in 1925, his application to the Board of Tax Appeals.

sequently, the Court has no jurisdiction to entertain the suit and the same must be dismissed.

This is an order. No settlement is necessary.