Rose A. HOLZER and Kellogg-Citizens National Bank of Green Bay, Wisconsin, Executor of the Estate of Joseph B. Holzer, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 63–C–203.

United States District Court
E. D. Wisconsin.

March 1, 1966.

Paul P. Lipton and Richard A. Petrie, Milwaukee, Wis., for plaintiffs.

James B. Brennan, U. S. Atty., by Franklyn M. Gimbel, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action for recovery of an overpayment of tax brought under Section 1346(a)( 1), Title 28 U.S.C.A. The Government has moved to dismiss the complaint for lack of jurisdiction.

Plaintiff, Rose A. Holzer, is the widow of Joseph B. Holzer who died on April 21, 1954. Plaintiff, Kellogg-Citizens National Bank of Green Bay, Wisconsin, qualified as executor of the estate of Joseph B. Holzer and filed an estate tax return on or about April 27, 1955, paying the amount reported due of $26,275.-37. The return was accepted as filed on June 10, 1958.

On June 25, 1957, the Commissioner of Internal Revenue notified the taxpayers of deficiencies of income taxes with respect to the joint income tax returns of Joseph B. Holzer and Rose A. Holzer for certain prior years. Taxpayers filed a petition in the Tax Court for redetermination of the deficiencies. On April 7, 1960, pursuant to stipulations of the parties, the Tax Court determined the deficiencies for the years 1950 to 1953 inclusive in the amount of $27,773.34 income tax, and $3,222.80 in penalties. These amounts were paid by the estate as debts of the decedent and claims against the estate, together with interest, accrued to the date of the death of Joseph B. Holzer. The estate also incurred administration expenses consisting of legal fees respecting the tax proceedings.

On June 17, 1960, the Executor filed an amended estate tax return and claim for refund based on recomputation reflecting deductions from the gross estate of the additional assessments and payments of income tax, penalties, and interest as well as legal fees. A further amended claim for refund of estate tax was filed on April 26, 1961.

After being notified that the original and amended claims for refund were dis-

allowed in full on September 8, 1961, the Executor commenced action for refund of the estate tax in the United States Court of Claims. This action was dismissed on April 17, 1964, on the ground that claim for refund had not been filed within the time permitted by law. See Kellogg-Citizens National Bank of Green Bay, Wisconsin v. United States, 330 F.2d 635, 165 Ct.Cl. 452 (1964).

On April 26, 1961, taxpayers also filed claims for refund of the additional income taxes assessed and paid as determined by the Tax Court for the years 1950 through 1953, based on a theory of recoupment of the overpayment of estate tax as a credit against said income taxes. In September of 1961, taxpayers were notified that the claims were disallowed. Thereafter, they commenced the instant action for recovery of the overpayment of estate taxes as a credit against income taxes paid for the years 1950 through 1953.

■ The rule of equitable recoupment permits recovery of an otherwise barred claim for an overpayment of tax by resort to the fiction that the overpayment is a credit or defense against a later asserted tax liability for a year open to suit. Bull, Executor, v. United States,. 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). It is not disputed in the instant case that the assessment and payment of income tax deficiencies for the years 1950 through 1953 diminished liability for the estate tax. As a consequence, the earlier payment of estate tax is in excess of liability. When taxpayer attempted to recover this overpayment of estate tax, refund was barred by operation of the statute of limitations, Section 910, Title 26 U.S.C.A., I.R.C.1939. Although the facts of this case would appear to bring it within the doctrine of equitable recoupment, the Government contends that the action for recovery of the overpayment is barred by the provisions of Section 322 (c), Title 26 U.S.C.A., I.R.C.1939, now Section 6512(a), Title 26 U.S.C.A., here controlling because the taxable events occurred prior to the effective date of the Internal Revenue Code of 1954. This

statute provided that where a taxpayer files petition with the Tax Court concerning a notice of deficiency mailed to him by the Commissioner,

" * * * no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court * * *."

The facts of the instant case do not bring it within the three expressly stated exceptions of Section 322(c).

■ The predecessor statute of Section 322(c), Title 26 U.S.C.A., Section 284(d) of the Internal Revenue Act of 1926, c. 27, 44 Stat. 9, was enacted after the underlying facts of the decision in the *Bull* case had taken place. Prior to the Internal Revenue Act of 1926, a taxpayer could sue for a refund after payment of the deficiency as determined by the Board of Tax Appeals as was done in the *Bull* case. Enactment of the provisions of this statute gave the taxpayer the option of either proceeding by claim for refund after payment of the tax or by taking the case to the Board, now the Tax Court. If he chose the latter route, the determination of the Tax Court was final and barred any refund of the tax for the year litigated. The end sought by this statute was finality of the determination of the entire tax for the year involved except in the case of fraud. S. Rep. 52, 69th Cong., 1st Sess., p. 26 (1939–1 Cum.Bull. (Part 2) 332, 351.)

■ The application of Section 322 (c) results in finality by preclusion of the taxpayer by his choice of remedy, in the nature of the bar of the statute of limitations, not on principles of res judicata. It is the filing of the petition with the Tax Court, not the determination of that court which is controlling. The courts have applied the section to bar actions for refund based on events happening after final determination of the Tax Court litigation. Moir v. United States, 149 F.2d 455 (1st Cir. 1945); Claremont Waste Manufacturing Company v. Com-

missioner of Internal Revenue, 238 F.2d 741 (1st Cir. 1956); United States v. Wolf, 238 F.2d 447 (9th Cir. 1956). Refund sought in view of later available theories of recomputation is also barred. Worm v. Harrison, 98 F.2d 977 (7th Cir. 1938). Cf. Guaranty Trust Co. of New York v. United States, 95 F.Supp. 776 (S.D.N.Y.1950), aff'd. 192 F.2d 164 (2d Cir. 1951), where although recovery was denied on other grounds, it was held that the statute did not bar refund of interest on an item of credit for state estate tax allowed by the Board of Tax Appeals which was refunded to taxpayer on filing proof of payment, since the Board did not have jurisdiction of matters concerning interest.

The statute has also been applied to bar suit for recovery on the theory of equitable recoupment. In Elbert v. Johnson, 164 F.2d 421 (2nd Cir. 1947), taxpayers litigated their tax liability for the year 1938 in the Tax Court and sought credit for an erroneous payment of gift tax for the year 1935 which was barred from claim for refund. The Tax Court held that it was without authority to allow the credit. Taxpayers then paid the deficiency as determined by the Tax Court and sought recovery under the theory of equitable recoupment. The court held that taxpayers might have maintained their cause but for their resort to the Tax Court which brought the action within the bar of the then applicable version of Section 322(c), Title 26 U.S.C.A. regardless whether the issue had been presented to the Tax Court; whether it could have been presented because based on subsequent events; or whether the Tax Court was without jurisdiction to determine the claim if it had been presented.

In Kojes v. United States, 241 F.Supp. 762 (E.D.N.Y.1965), it was held that the doctrine of equitable recoupment was not available because the barred claim and the claim for the open year did not arise out of the same taxable event and, further because the taxpayer was precluded by prior Tax Court litigation respecting the open year. A contrary result was reached in Dunigan v. United States, 23 F.Supp.

467, 87 Ct.Cl. 404 (1938), where recovery was permitted on the authority of the *Bull* case, notwithstanding the fact that the taxpayer had previously filed petition for determination of tax liability for the year in question with the Board of Tax Appeals. Although the issue was raised in the case, the decision makes no reference to the effect of the limitation of the predecessor of Section 322(c) Title 26 U.S.C.A.

■■ The doctrine of equitable recoupment utilizes the fiction of a tax credit or defense to liability for a year open to suit to avoid violation of the statutory scheme providing for finality of tax determinations. In the instant case, refund of estate tax overpayment being barred by the statute of limitations, recovery of said overpayment must be predicated on its constituting a *credit* against a tax as to which the Commissioner determined a deficiency which taxpayers elected to litigate in the Tax Court. Recoupment of such a credit would be by refund of a *part of said tax* for the open year. The maintenance of a suit for such a recovery is prohibited by the explicit language of Section 322(c), Title 26 U.S. C.A.

■ Refund of overpayment of estate tax was barred in the instant case because taxpayers on learning of events which would likely occasion a decrease of estate tax liability failed to file timely protective claim which would have preserved the right to refund. Kellogg-Citizens National Bank of Green Bay, Wisconsin v. United States, 330 F.2d 635, 639, 165 Ct.Cl. 452 (1964). Although laches is not a defense to a claim for equitable recoupment, taxpayers' choice of litigating the income tax deficiencies in the Tax Court precludes them from availing themselves of the remedy of recovery of the overpayments as credits against the tax as determined by the Tax Court.

For the foregoing reasons the motion of defendant, United States of America, to dismiss the complaint must be and it is hereby granted.