**Raymond and Barbara WIZBOWSKI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–F–93–5043 REC.**

United States District Court, E.D. California.

Nov. 24, 1993.

---

Janene R. Weber, Law Offices of Anthony P. Capozzi, Fresno, CA, for plaintiff.

Henry C. Darmstadter, U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, DC, for defendant U.S.

## ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT

COYLE, Chief Judge.

On November 22, 1993 the court heard the United States' Motion for Summary Judgment. Upon due consideration of the written and oral arguments of the parties and the record herein, the court grants this motion and dismisses this action for lack of subject matter jurisdiction.

On January 25, 1993, plaintiffs Raymond and Barbara Wizbowski filed a Complaint for Refund wherein they seek a refund of income taxes for the taxable years 1977 and 1978 on the ground that the United States improperly disallowed losses as sham transactions with respect to plaintiffs' investments in the SunBelt Partners housing partnership and on the ground that during the time plaintiffs' attorney, Dean Hawkins, represented them with regard to the deficiencies arising from their partnership interest, Mr. Hawkins had a direct conflict of interest resulting from a standing agreement to return to employment with the Internal Revenue Service, which conflict of interest resulted in a lack of representation to the plaintiffs.

What the complaint does not allege but what the United States advises the court in its motion for summary judgment is that plaintiffs filed a petition with the United States Tax Court on May 14, 1984 with respect to the notices of deficiency issued with respect to these disallowed losses for the 1977 and 1978 taxable years. Plaintiffs' petition was consolidated for trial under the caption *Steinert, et al. v. Commissioner.* On December 5, 1984, a trial was held before Judge Mary Ann Cohen. Plaintiffs were represented by Mr. Hawkins. The other petitioners before the Tax Court were represented by Thomas W. Harris, Jr. By order and decision entered on July 8, 1986 Judge Cohen upheld the deficiencies issued to plaintiffs based on her factual finding that the sale of the mobile home park to Sun Belt Housing lacked economic reality and was a sham transaction. *Steinert v. Commissioner,* 50 T.C.M. 1511, 1985 WL 15202 (1985). No appeal was taken by plaintiffs from this decision and it became final ninety days after its entry. 26 U.S.C. §§ 7481(a)(1) & 7483. On November 12, 1991, plaintiffs filed a Motion for Leave to File a Motion to Vacate This Court's Decision Pursuant to Rule 162 of the United States Tax Court. By this motion plaintiffs sought to vacate the Tax Court's decision because counsel for plaintiffs committed a "fraud upon the court" within the meaning of *Toscano v. Commissioner,* 441 F.2d 930 (1971). Following briefing and an evidentiary hearing, Judge Cohen issued her Order denying the motion on April 24, 1992. Plaintiffs appealed the denial of their motion to vacate to the Ninth Circuit. As noted, plaintiffs filed this complaint for refund on January 25, 1993.

The United States moves for summary judgment in its favor on the grounds that this court lacks subject matter jurisdiction, that this refund action is barred by res judicata, and that plaintiffs cannot collaterally

attack the Tax Court decision by way of an independent action. Because the court concludes that it lacks subject matter jurisdiction, the court grants the motion on this ground and does not address the other grounds.

The United States moves for summary judgment in its favor on the ground that this court lacks subject matter jurisdiction to hear this tax refund action because plaintiffs filed the petition with the United States Tax Court.

26 U.S.C. § 6512(a) provides in pertinent part:

(a) Effect of petition to Tax Court.—If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) ... and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) ... no ... refund of income tax for the same taxable year ... to which such petition relates, in respect to which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—

(1) As to overpayments determined by a decision of the Tax Court which has become final; and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final; and

(3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive, and

(4) As to overpayments attributable to partnership items, in accordance with subchapter C of chapter 63.

As explained in *Wolf v. United States*, 238 F.2d 447, 449 (9th Cir.1956), interpreting the meaning of Section 322(c) of the Internal Revenue Code of 1939, the predecessor to Section 6512(a) of the Internal Revenue Code of 1954:

It is plain that § 322(c) was intended to have a broad general application so as to provide that if the taxpayer files a petition with the tax court, the mere filing of the petition operates to deprive the district court of jurisdiction to entertain a subsequent suit for refund ... 'It is not the decision which the Tax Court makes but the fact that the taxpayer has resorted to that court which ends his opportunity to litigate in the District Court his tax liability for the year in question.'

*Accord First National Bank of Chicago v. United States*, 792 F.2d 954 (9th Cir.1986), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 948, 93 L.Ed.2d 997 (1987).

Plaintiffs, citing *Holzer v. United States*, 250 F.Supp. 875, 877 (E.D.Wis.), *aff'd*, 367 F.2d 823 (7th Cir.1966), argues that there is an exception to Section 6512(a) where there is fraud in the Tax Court proceedings, rather than fraud on the court.

*Holzer* says or holds no such thing. *Holzer* was explaining why the doctrine of equitable recoupment articulated by the Supreme Court in *Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935) was not applicable in the situation where the taxpayers, on learning of events which would likely occasion a decrease of estate tax liability, failed to file a timely protective claim which would have preserved the right to refund and chose to litigate the deficiency in the Tax Court. After noting that the facts of the case did not come within any of the expressly stated exceptions of Section 322(c), the predecessor to Section 6512(a), the district court stated in pertinent part as follows:

The predecessor statute of Section 322(c), Title 26 U.S.C.A, Section 284(d) of the Internal Revenue Act of 1926 ... was enacted after the underlying facts of the decision in the *Bull* case had taken place. Prior to the Internal Revenue Act of 1926, a taxpayer could sue for a refund after payment of the deficiency as determined by the Board of Tax Appeals as was done in the *Bull* case. Enactment of the provisions of this statute gave the taxpayer the option of either proceeding by claim for

refund after payment of the tax or by taking the case to the Board, now the Tax Court. If he chose the latter route, the determination of the Tax Court was final and barred any refund of the tax for the year litigated. The end sought by this statute was finality of the determination of the entire tax for the year involved except in the case of fraud. S.Rep. 52, 69th Cong., 1st Sess. p. 26 (1939–1 Cum.Bull. (Part 2) 322, 351).

It is this language upon which plaintiffs rely in characterizing the holding of *Holzer*.

However, neither *Holzer* nor any other case that the court can find has involved the allowance of a subsequent refund claim following litigation of the deficiency in the Tax Court on the basis of some sort of fraud occurring before the Tax Court or any other kind of fraud, for that matter. In this regard, the court notes the utter lack of specific authority for the proposition espoused by plaintiffs notwithstanding the age of this statutory provision. The court is confident that the reference to fraud being made in the Senate Report pertains to the fact that the time limitations for the assessment and collection of tax do not apply in situations where there has been fraud by the taxpayer. Here, it is clear that plaintiffs are referring to "fraud" on the part of their attorney in his representation of them before the Tax Court. At oral argument, plaintiffs suggested for the first time that the "fraud" on which they rely includes that of Mr. Harris in putting together the partnership. However, the court sees no logical difference between "fraud" and "fraud on the court" in terms of the proper forum for litigation. Plaintiffs present no authority that "fraud on the court" as a basis for vacation of the Tax Court decision must be litigated in the Tax Court, but that "fraud present in the taxpayers representations through counsel in Tax Court" can be litigated in the first instance in this court. There is no coherent explanation why plaintiffs did not raise their claims of "fraud" in the Motion to Vacate filed with the Tax Court. Finally, it is noted that this court's assump-

tion of subject matter jurisdiction could result in a different conclusion that than the Tax Court and the Ninth Circuit on identical issues, something that Congress was attempting to avoid when it enacted the statute.

ACCORDINGLY, IT IS ORDERED that the United States' Motion for Summary Judgment is granted. IT IS FURTHER ORDERED that this action is dismissed for lack of subject matter jurisdiction.[1]

---

1. At oral argument, plaintiffs requested that the court stay this action pending resolution of the appeal to the Ninth Circuit of the denial of the Motion to Vacate by the Tax Court. However, resolution of that appeal has no bearing on this court's subject matter jurisdiction. Consequently, the court declines to stay this action as opposed to dismissing it.