Dolores J. RUSSELL,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.

No. 80–7730.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 1982.

Decided June 2, 1982.

Ferris F. Boothe, Portland, Or., for petitioner-appellant.

William P. Wang, Washington, D. C., for respondent-appellee.

Before BROWNING, WALLACE and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Appellant Russell seeks relief from the harsh effects of a misunderstanding about the procedural rules allocating jurisdiction between the Tax Court and the district courts. The trouble stems from Russell's failure to argue the merits of a refund claim in a Tax Court deficiency contest because she mistakenly believed that it could be pursued in a previously filed district court action. The district court case was reversed on appeal by this court due to lack of jurisdiction. *Russell v. United States,* 592 F.2d 1069 (9th Cir.), *cert. denied,* 444 U.S. 946, 100 S.Ct. 308, 62 L.Ed.2d 315 (1979). The Tax Court now refuses to allow her to pursue the issue there.

We affirm in part and reverse in part. The Tax Court properly denied leave to file a motion to vacate its earlier decision, but erred in ignoring Russell's motion for calendaring of her refund claim which it had never adjudicated.

## PROCEDURAL HISTORY

This appeal arises from the pitfalls for the unwary created by the jurisdictional rules governing refund suits and tax deficiency contests in the district and tax courts. Russell has diligently pursued her refund claim through nine years of litigation but has not yet received a hearing on the merits in a court of competent jurisdiction.

Russell's litigation odyssey began in 1973, when she filed suit in district court seeking a refund for overpayment of her 1965 income taxes. Shortly thereafter, the Commissioner assessed a deficiency for Russell's 1965 tax year. Russell petitioned for redetermination of the deficiency assessment in the Tax Court, the only forum in which she could contest the deficiency before payment. In her petition she claimed that she was entitled to a refund. Because Russell's 1965 tax liability was at issue in the Tax Court, the district court held that it had lost jurisdiction and dismissed the refund suit.

In 1974, Russell won a decision in the Tax Court that there was no deficiency, on the ground that the Commissioner's deficiency notice was untimely. Although Russell had also moved the Tax Court to dismiss her refund claim without prejudice and the government had moved to dismiss it with prejudice, the Tax Court never ruled on the motions.

After the 1974 Tax Court decision, the district court reinstituted Russell's original refund action, reasoning that it had retained jurisdiction over the refund claim. The district court recognized the usual rule that it loses jurisdiction to the extent acquired by the Tax Court, but held that because the notice of deficiency was untimely, the Tax Court had acquired jurisdiction only to dismiss the deficiency and that jurisdiction over Russell's refund claim had remained in the district court. The district court found for Russell after a trial on the merits. We reversed on appeal, holding that the district court did not have jurisdiction over the refund action. *Russell,* 592 F.2d at 1071.

The present appeal stems from Russell's attempt to have the merits of her refund claim decided in the Tax Court. She sought to have the matter placed on the Tax Court calendar. In the alternative, she sought to vacate or revise the initial Tax Court decision to clarify that it had been only an interim decision on the timeliness of the deficiency assessment. The Tax Court denied the entire motion on the ground that this court's prior decision had held that the initial Tax Court decision was *res judicata* on the refund claim, and, further, that no grounds for vacating the initial Tax Court decision had been alleged. This ruling is now on appeal.

We affirm the denial of leave to move to vacate the initial Tax Court decision. We reverse and remand for reconsideration of the motion to calendar the refund claim.

We hold that *res judicata* and our prior decision do not bar Russell from litigating the merits of her refund claim in the Tax Court. The initial Tax Court ruling was only a partial resolution of the issues involved in Russell's cause of action. Because the Tax Court never considered or dismissed Russell's refund claim, that claim is still pending before the Tax Court. Russell's request for calendaring of her refund claim should therefore have been granted.

## I

### The Motion to Vacate

Russell first filed her motion for placement on the Tax Court calendar in January, 1980. The Tax Court clerk returned it, advising that only a "motion for leave to file a motion to vacate" and "motion to vacate" could be filed. The record shows that, in a series of letters and calls over the next four months, Russell's counsel repeatedly explained his client's position that she was not seeking to vacate the prior Tax Court decision, but rather to force the Tax Court to hear and rule on matters raised before the Tax Court in 1974 and which, because never ruled upon, were still pending before the Tax Court.

■ The affirmance of the denial of the motion to vacate and the motion for leave to file an untimely motion to vacate needs little discussion. The Tax Court has the power to vacate a final decision where there is fraud upon the court. *Toscano v. Commissioner*, 441 F.2d 930, 933 (9th Cir. 1971). Fraud upon the court does not include a taxpayer's misinterpretation of Tax Court procedure. *Feistman v. Commissioner*, 587 F.2d 941, 943 (9th Cir. 1978). Accordingly, the Tax Court did not abuse its discretion in denying Russell leave to file the untimely motion to vacate.

## II

### The Motion for Calendaring

#### A. Our Prior Decision

■ Our prior decision turned on whether Russell's refund claim could be raised in the district court after the Tax Court found the Commissioner's deficiency notice untimely. We held that under I.R.C. § 7422(e), institution of the deficiency contest transferred jurisdiction over all issues relating to Russell's 1965 tax liability to the Tax Court. *Russell*, 592 F.2d at 1071. I.R.C. § 7422(e) provides that, when a taxpayer seeks redetermination of a deficiency, the district court loses jurisdiction over a previously filed refund suit "to the extent" that jurisdiction is acquired in the Tax Court. Thus, in our prior decision, it was necessary for us to determine the extent to which the Tax Court acquired jurisdiction. We held that, because all issues relating to tax liability for a particular year are a single cause of action, *Commissioner v. Sunnen*, 333 U.S. 591, 597–98, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948), the Tax Court acquired jurisdiction over all the issues relating to Russell's 1965 tax liability. Therefore, under § 7422(e), the district court lost jurisdiction over the refund claim. *Russell*, 592 F.2d at 1071. Although the issue was not briefed, we stated that the 1974 Tax Court decision in Russell's favor on the deficiency notice was *res judicata* against her on the refund claim. This was unnecessary to our decision. The district court's loss of jurisdiction is determined at the time of filing the petition in the Tax Court. It is not dependent on whether the Tax Court has actually determined the issues. *See Finley v. United States*, 612 F.2d 166, 170 (5th Cir. 1980) (mandatory ousting of district court jurisdiction measured from time of filing in Tax Court); *United States v. Wolf*, 238 F.2d 447, 449–50 (9th Cir. 1956); *Holzer v. United States*, 250 F.Supp. 875 (E.D.Wis.), aff'd 367 F.2d 822 (7th Cir. 1966) (per curiam).[1] Thus, our *res judicata* discussion

---

1. The district court in *Holzer* described the effect of the filing of a petition in the Tax Court:

    [P]reclusion of the taxpayer [from the district court] by his choice of [Tax Court] remedy,

[is] in the nature of the bar of the statute of limitations, not on principles of res judicata. It is the filing of the petition with the Tax Court, not the determination of that court, which is controlling.

was unnecessary for the holding, and is properly characterized as dicta.[2]

### B. Doctrine of Law of the Case

■ The effect of our prior decision is governed by the doctrine of law of the case. The "law of the case" rule ordinarily precludes a court from reexamining an issue previously decided by the same court in the same case. *See generally,* 1B *Moore's Federal Practice* (2d ed.), 0.404[1], at 404–09. The doctrine does not limit our power to reexamine an earlier decision; rather, it is a voluntary limitation. *See Lathan v. Brinegar,* 506 F.2d 677, 691 (9th Cir. 1974) (en banc); *United States v. Fullard-Leo,* 156 F.2d 756, 757 (9th Cir. 1946).

■ The law of the case doctrine is not to be applied woodenly. *United States v. Imperial Irrigation District,* 559 F.2d 509, 520 (9th Cir. 1977), *modified on other grounds,* 595 F.2d 524, *reversed in part, vacated in part, both on other grounds, sub nom. Bryant v. Yellen,* 447 U.S. 352, 100 S.Ct. 2232, 65 L.Ed.2d 184 (1980). Because the *res judicata* discussion in our prior *Russell* decision was dicta, it is not part of the law of the case. *See* 5 Am.Jur.2d, *Appeal and Error,* § 753, at 197; *In Re Norton's Estate,* 177 Or. 342, 162 P.2d 379, 380 (1945). In the prior appeal, we merely set forth the law on *res judicata* and did not examine whether the Tax Court's decision was in fact a final decision.

Another factor in determining whether reconsideration is warranted is whether the appellant seems to be "shopping" for a more favorable panel. *Imperial Irrigation,* 559 F.2d at 521. We cannot attribute such a motive to Russell. This appeal arises not from any attempt to relitigate the previously decided issue of the district court's juris-

diction, but, rather, from Russell's attempt to pursue her refund claim in the Tax Court after we advised her that it was the proper forum.

### C. Res Judicata

In the 1974 Tax Court proceeding, the Government admitted that its deficiency notice was untimely and, after an extremely brief hearing, the Tax Court entered a one-sentence decision in favor of Russell. Russell had also moved the Tax Court for dismissal of her refund claim without prejudice, and the Government had sought dismissal with prejudice. The Tax Court never ruled on these motions. Its brief decision held only that there was no deficiency because the notice was untimely. The Commissioner argues that the 1974 decision was a decision on the merits of Russell's "cause of action" regarding determination of her 1965 tax liability and, therefore, that *res judicata* now prevents her from instituting the refund claim which could have been litigated in 1974.

■ *Res judicata* principles apply in tax litigation. *Sunnen,* 333 U.S. at 597, 68 S.Ct. at 719. Parties are bound by *res judicata* as to both matters decided and matters which could have been raised once a court of competent jurisdiction has entered a final judgment on the merits of an action. *Id. See Roberts v. United States,* 423 F.Supp. 1314, 1317 (C.D.Cal.1976) (prior Tax Court decision *on the merits* is absolute bar to all matters which might have been decided).

■ We hold that the Tax Court's 1974 decision was not *res judicata* on the merits of Russell's cause of action for two related reasons:[3] (1) the Tax Court's failure to rule

---

250 F.Supp. at 877 (interpreting provisions of Internal Revenue Code of 1939).

**2.** We recognize that an alternative ground for decision is not *obiter dictum. Dragor Shipping Corp. v. Union Tank Car Co.,* 371 F.2d 722, 726 (9th Cir. 1967). We do not, however, view *res judicata* as an alternative ground for our prior decision. In the prior decision, we did not evaluate the scope of the initial Tax Court decision to determine whether it was in fact a

final, complete decision for purposes of *res judicata.* Nor did we consider the effect of the Tax Court's failure to act upon the motions to dismiss the refund claim.

**3.** We are mindful of the Supreme Court's recent admonition that we may not decline to apply *res judicata* in the interests of common sense and simple justice, *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). However, it

on the refund claim motions left the matter of the refund claim pending in the Tax Court; (2) the 1974 Tax Court decision was only an interim decision, and was not a final determination of Russell's cause of action for *res judicata* purposes.

█ Russell's 1965 tax liability—both the deficiency and refund issues—was a single cause of action. *Sunnen*, 333 U.S. at 598, 68 S.Ct. at 719; *Russell*, 592 F.2d at 1071. The Tax Court's 1974 decision that there was no deficiency, however, was not the sort of final and complete judgment that warrants the application of the doctrine of merger. The ruling dealt only with the untimely notice of deficiency and did not address the refund claim. It was only a partial resolution of the issues then pending before the Tax Court. A judgment is not a final judgment for *res judicata* purposes if further judicial action by the court rendering the judgment is required to determine the matter litigated.[4] The matter being litigated in the Tax Court was Russell's 1965 tax liability. The decision that there was no deficiency was an interim ruling on only one aspect of that liability. The other aspect, that of the refund claim, was never ruled upon.

The Tax Court had a duty to make findings of fact, I.R.C. § 7459(b), and to resolve all the issues before it. *See Transport Manufacturing & Equipment Co. v. Commissioner*, 374 F.2d 173, 177 (8th Cir. 1967); *Helton v. Celebrezze*, 331 F.2d 342, 343 (4th Cir.

1964). In light of this duty to determine the issues, we will not treat the Tax Court's failure to rule on the motions to dismiss the refund claim as a *sub silentio* dismissal of the claim. Instead, we hold that, because the Tax Court never expressly ruled on the motions nor otherwise disposed of the refund claim, it is still pending there.

Russell's situation is roughly analogous to that of a tort defendant who has filed a counterclaim against the plaintiff arising out of the same transaction. The fact that the defendant wins a summary judgment against the plaintiff on the issue of liability on the initial claim does not dispose of the counterclaim. The partial decision leaves the other issue pending.

█ *Res judicata* in tax cases, as in other cases, precludes repetitious suits involving the same cause of action. *Sunnen*, 333 U.S. at 597, 68 S.Ct. at 719. Russell is not seeking to bring a repetitious suit, but rather, to force the Tax Court to calendar and consider the refund issue left pending after the initial interim decision on the timeliness of the deficiency. Interim rulings are not ordinarily *res judicata* on later issues in the same lawsuit. 1B *Moore's Federal Practice*, 0.409[1] at 1002.[5]

The Government's argument that Russell bypassed her opportunity to litigate her refund claim in the Tax Court ignores the posture of the proceedings below. Russell did raise the refund claim in the Tax Court

---

is still our obligation to determine whether the earlier decision meets the requirements for application of *res judicata*.

4. The Restatement of Judgments, § 41, provides:

§ 41. REQUIREMENT OF FINALITY.
The rules of res judicata are not applicable where the judgment is not a final judgment. *Comment:*
   *a. Finality of judgments.* For the purposes of the rules stated in this Subject a judgment at law is not a final judgment if further judicial action by the court rendering the judgment is required to determine the matter litigated. . . .
   An order of judgment of a court is not final if an issue of law or fact essential to the disposition of the action is reserved for judicial determination. . . .
       \*       \*       \*

*e. Where the judgment is not final.* Where a judgment has been given in an action but it is not a final judgment, it is not conclusive between the parties . . . The judgment, if in favor of the plaintiff, will not operate as a merger of the cause of action . . . .

5. This becomes clear when we examine the *res judicata* effect of a decision for the Government on the timeliness issue. Where the Government wins on timeliness, the taxpayer is not precluded from presenting the merits of her claim that there is no deficiency and that she is owed a refund. It would be anomalous to hold that Russell should fare worse under the doctrine of *res judicata* because she prevailed, rather than lost, on the preliminary issue of timeliness.

by her motion for dismissal without prejudice. It was the Tax Court, not Russell, that failed to address all the issues. The Commissioner's reliance on *Bankers' Reserve Life Co. v. United States*, 44 F.2d 1000 (Ct.Cl.1930), *cert. denied*, 283 U.S. 836, 51 S.Ct. 485, 75 L.Ed. 1448 (1931), is misplaced. In *Bankers' Reserve*, a taxpayer who had stipulated to a tax deficiency was held to have had an opportunity to litigate his claim of overpayment. *Id.* at 1003–04. Admission of a deficiency necessarily involves admission that there is no refund owed. By contrast, the decision that the deficiency assessment against Russell was time-barred did not require consideration of the amount of her 1965 tax liability.

## CONCLUSION

The decision of the Tax Court is affirmed insofar as it denied leave to vacate or revise the 1974 Tax Court decision. The Tax Court's denial of Russell's request for calendaring of her refund claim is reversed and remanded for proceedings consistent with this opinion. Neither *res judicata* nor the doctrine of law of the case prevent Russell from receiving an initial hearing in the Tax Court on the merits of her claim.