**Lillian K. SHENKER, Plaintiff,**

v.

**Robert A. LeBAUBE, District Director of Internal Revenue, Defendant.**

No. 85–2984C(6).

United States District Court, E.D. Missouri.

July 30, 1986.

Henry C. Lowenhaupt, Hugh R. Law, Lowenhaupt, Chasnoff, Armstrong & Mellitz, St. Louis, Mo., for plaintiff.

Thomas E. Dittmeier, U.S. Atty., Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., John J. McCarthy, Sr. Litigation Counsel, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER AND MEMORANDUM

GUNN, District Judge.

IT IS HEREBY ORDERED that the motion of defendant Robert A. LeBaube to dismiss plaintiff's complaint be and it is granted.

Plaintiff Lillian K. Shenker brought this action against Robert A. LeBaube, District Director of the Internal Revenue Service (IRS), seeking to enjoin the IRS from collecting deficiencies assessed against plaintiff jointly with her husband for the tax years 1964–69 and 1971. Plaintiff asserts a claim to relief under § 6013(e) of the Internal Revenue Code, 26 U.S.C.A. § 6013(e), *as amended* (Supp.1986), which relieves innocent spouses of liability for deficiencies arising from "a substantial understatement of tax attributable to grossly erroneous items of [the other] spouse." The statutory definition of "grossly erroneous items" includes "any claim of a deduction, credit, or basis by [any spouse] in an amount for which there is no basis in fact or law," 26 U.S.C.A. § 6013(e)(2)(B). Plaintiff argues that the deficiencies charged against her arise from grossly erroneous items claimed by her husband without her knowledge.

Plaintiff has previously sought relief from her liability on this basis before the United States Tax Court, which has exclusive jurisdiction over plaintiff's claim pursuant to 26 U.S.C. § 7422(e). The Tax Court rejected the arguments plaintiff propounds here in decisions rendered September 23, 1985 and November 8, 1985. These decisions of the Tax Court have res judicata effect and preclude this Court from adjudicating plaintiff's claim on the merits. *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Russell v. Commissioner,* 678 F.2d 782 (9th Cir.1982). Tax Court decisions are properly reviewable on appeal to the Eighth Circuit, 26 U.S.C. § 7482. This Court does not have jurisdiction over such appellate review.

Plaintiff has additionally sought to attack the judgment of the Tax Court collaterally, arguing that the Tax Court is not a validly constituted judicial forum under Article I of the Constitution. The circuit courts have uniformly rejected this argument. *See Simanonok v. Commissioner,* 731 F.2d 743, 744 (11th Cir.1984); *Redhouse v. Commissioner,* 728 F.2d 1249, 1253 n. 2 (9th Cir.1984); *Nash Miami Motors, Inc. v. Commissioner of Internal*

733

*Revenue,* 358 F.2d 636 (5th Cir.), *cert. denied,* 385 U.S. 918, 87 S.Ct. 227, 17 L.Ed.2d 142 (1966).

Plaintiff's claim has therefore already been fully litigated on the merits in a court of competent jurisdiction. The decision of the Tax Court is *res judicata,* and the instant action is accordingly dismissed.