Charles E. WOLFE, Plaintiff-Appellant,

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 85–4027.

United States Court of Appeals,
Ninth Circuit.

Dec. 29, 1986.

Jack W. Burnett, Billings, Mont., for plaintiff-appellant.

Richard Driscoll, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before CHAMBERS and CHOY, Senior Circuit Judges, NORRIS, Circuit Judge.

## ORDER AMENDING OPINION, DENYING PETITION FOR REHEARING, AND REJECTING SUGGESTION FOR REHEARING EN BANC.

The Opinion filed on August 29, 1986, is amended as follows:

Footnote three, 798 F.2d 1241, 1244 n. 3, is replaced by the following:

The parties do not dispute the district court's application of Montana's alter ego doctrine. The determination of whether to apply state or federal alter ego doctrine depends on the degree to which the subject matter of the case implicates federal interests. *See United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 728–29, 99 S.Ct. 1448, 1458–59, 59 L.Ed.2d 711 (1979) (setting forth three-part test to determine whether courts should adopt a uniform federal rule of decision or follow state law when resolving controversies affecting the operation of federal programs). *Compare Laborers Clean-Up Contract Administration Trust Fund v. Uriarte Clean-Up Service, Inc.*, 736 F.2d 516, 523–25 (9th Cir.1984) (applying federal substantive law—though looking to state law for guidance—in determining whether to pierce corporate veil in case involving violations of Labor Management Relations Act and Employee Retirement Income Security Act) *with U–Haul International, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1043 (9th Cir.1986) (applying state alter ego doctrine in assessment of damages for Lanham Act violations). State law governs the determination of whether there exists an alter ego from whom the government may satisfy the obligation of a taxpayer. *See Aquilino v. United States*, 363 U.S. 509, 512–13, 80 S.Ct. 1277, 1279–80, 4 L.Ed.2d 1365 (1960); *Terrapin Leasing, Ltd. v. United States*, 55 Am.Fed.Tax Rep.2d 85–513, 85–514 (10th Cir.1981); *see also Van Dorn Co. v. Future Chemical and Oil Corp.*, 753 F.2d 565, 570–71 (7th Cir.1985)

(indicating disapproval of *Avco Delta* for failing to inquire into applicable state law in determining that assets of the principal corporation could be reached to satisfy tax liability of subsidiary corporation).

The following passages are deleted from the text of the opinion:

798 F.2d at 1244, col. 2, delete: ", and made all corporate decisions without consulting other directors"

798 F.2d at 1244, col. 2, delete: "Some of the corporation's equipment was purchased on the proprietorship's credit."

The full court has been advised of appellant's petition for rehearing and suggestion for rehearing en banc and the amendments to the Opinion. No judge of the court has objected to the amendments or requested a vote on the suggestion for rehearing en banc. Fed.R.App.P. 35(b).

With the Opinion so amended the petition for rehearing is denied and the suggestion for rehearing en banc is rejected.