**Lowell G. ARNOLD and Rosa M. Arnold, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. No. 90–6296–JO.**

United States District Court, D. Oregon.

Jan. 23, 1992.

Mary Ellen Page Farr, Kell, Alterman & Runstein, Portland, Or., for plaintiffs.

Charles H. Turner, U.S. Atty., D. Oregon, Portland, Or., Barbara Johnson, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

ROBERT E. JONES, District Judge.

Plaintiff, Lowell and Rosa Arnold (the "Arnolds"), bring this claim against defendant, the United States of America (the "government") seeking a refund of federal income tax for tax year 1983. The Arnolds submit, and the government concedes, that the government incorrectly determined the extent of the Arnolds' tax liability for the tax year 1983 by disallowing a valid employee expense deduction claimed by the Arnolds. However, the government contends that the Arnolds' claim is barred by *res judicata.* This is a narrow issue of law which has been thoroughly briefed by both parties and, unfortunately for the Arnolds, the government's position is well founded.[1]

### Background

This is the second of two claims brought against the government by the Arnolds regarding income taxes paid in tax year 1983. The first claim involved the taxation of moneys received by Mr. Arnold as a result of a personal injury law suit. The second claim involves the disallowance of an employee business expense deduction claimed by the Arnolds.

In May 1983, Mr. Arnold settled a personal injury law suit for a net recovery of $75,000 ("Lowell's Proceeds"). In 1984 the Arnolds timely filed a joint federal income tax return for the 1983 tax year. The Arnolds did not, however, include Lowell's Proceeds on the 1983 as taxable income for 1983. After an undisclosed audit of the Arnolds' 1983 return, the government included $55,000 of Lowell's Proceeds as taxable income. At the same time, the Government eliminated the business expense deduction claimed by the Arnolds on the 1983 return. As a result of the Arnolds' increased taxable income and decreased deductions, the government assessed a deficiency in the amount of $20,259 in February of 1987.

In September of 1987, after the government seized funds from the Arnolds to satisfy the assessed deficiency, the Arnolds timely filed a claim for refund ("first claim for refund"). In the first claim for refund, the Arnolds objected only to the addition of Lowell's Proceeds as taxable income. The Arnolds did not raise the issue of the elimination of the business expense deduction in the first claim for refund. In March of 1988, the government disallowed the first claim for refund.

In December 1988, the Arnolds filed their first suit against the government in this court. In that suit the Arnolds alleged only that the government had incorrectly included $55,000 of Lowell's Proceeds as taxable income for the tax year 1983. There was no reference to the disallowed employee business deduction claimed on the 1983 return.

Subsequently, the parties entered into settlement negotiations, which, in January of 1990, resulted in the government refunding to the Arnolds the taxes the government had collected relating to the inclusion of Lowell's Proceeds as taxable income.

---

1. The court treats the parties' joint stipulation of facts and supporting memoranda as a motion to reconsider the court's prior adoption of the Magistrate's Findings and Recommendations denying the government's motion for summary judgment.

The parties stipulated to judgment and the case was dismissed with prejudice.

During settlement negotiations in the first law suit, the Arnolds raised, for the first time, the issue of the disallowed employee business deduction. The government took the position that it could not consider the Arnolds' claim because the Arnolds had neither included that matter in the first claim for refund nor filed a second claim for refund. On June 15, 1989, several months before the first law suit was dismissed with prejudice, the Arnolds filed a second claim for refund asserting that the Arnolds were entitled to a refund for the disallowed employee business expense deduction.

After the first law suit was dismissed with prejudice, the government reviewed the Arnolds' second claim for refund and determined that the employee business deductions were properly claimed on the 1983 return. However, the government did not respond to the second claim for refund. The Arnolds then brought this second law suit to recover the amounts collected by the government as a result of the incorrectly disallowed employee business deduction.

Upon the Arnolds' filing of the complaint and before filing its answer, the government moved for summary judgment on the ground that the Arnolds' claim is barred by the doctrine of *res judicata*. The government's motion was heard by then Magistrate Michael Hogan. Judge Hogan determined, on the limited record before him, that *res judicata* did not bar the Arnolds' claim and issued findings and recommendations denying the government's motion for summary judgment. Over the government's objections, this court adopted Judge Hogan's findings and recommendations in their entirety.

The government then answered the Arnolds' complaint and a status conference was held. At the status conference, it was revealed that there were few factual disputes between the parties, and the only remaining issue for trial was whether the

Arnolds' claim was barred by *res judicata*. At the court's behest, the parties submitted a joint stipulation resolving any disputes as to the material facts. The primary issue remaining, therefore, is whether, as a matter of law and based on the undisputed facts, the Arnolds' claim is barred by the doctrine of *res judicata*.[2]

### Discussion

The doctrine of *res judicata* applies to tax cases. *Commissioner v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Id.* at 597, 68 S.Ct. at 719 (internal quotations and citations omitted).

In this case, the court is asked to decide whether the Arnolds' second law suit relating to the erroneously disallowed employee expense deduction for the 1983 tax year is, as a consequence of the first law suit regarding the same tax year but a different issue, barred by *res judicata*.

> Income taxes are levied on an annual basis. Each year is the origin of a new liability and a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior

2. The court recognizes that there remains a secondary post-judgment matter of attorney fees. However, because of the court's decision in fa-vor of the government, the Arnolds' claim for attorney fees under I.R.C. § 7430 is moot.

judgment acts as a collateral estoppel only to those matters in the second proceeding which were actually presented and determined in the first suit.

*Id.* at 598, 68 S.Ct. at 719.

As indicated by the above-quoted language from *Sunnen,* the Court recognized two forms or degrees of *res judicata.* The first type discussed, claim preclusion, provides that a claim or cause of action which is the subject of prior litigation between the same parties or their privies and resulting in a judgment on the merits bars relitigation of the issues actually raised in litigating that claim or any other ground for recovery or theory of action which might have been raised.

The second application discussed, collateral estoppel, or issue preclusion, provides that a specific issue actually litigated in a prior action is conclusive of the same issue in a subsequent action between the same parties or their privies, provided the relevant law and facts remain static. This is an important distinction that is apparently overlooked by the Arnolds' counsel. In the present case the court is concerned only with the broader application of *res judicata* as claim preclusion, not collateral estoppel. *Compare United States v. International Bldg. Co.,* 345 U.S. 502, 504, 73 S.Ct. 807, 808, 97 L.Ed. 1182 (1953) (discussing collateral estoppel).

■ With those general principles of *res judicata* in mind, the court begins with the proposition that a taxpayer's whole tax liability for any given tax year, including all refund issues, forms a single cause of action. *See Russell v. Commissioner of Internal Revenue,* 678 F.2d 782, 786 (9th Cir.1982) (citing *Sunnen,* 333 U.S. at 598, 68 S.Ct. at 719). A final and complete judgment on a single cause of action, therefore, extinguishes all issues and claims based on that cause of action including those that might have been raised, but were not. *Russell,* 678 F.2d at 785–86; *see*

*also Snyder v. Riddell,* 252 F.2d 23, 26 (9th Cir.1958).

■ The Arnolds' income tax liability for tax year 1983, including both refund issues, forms a single cause of action. The parties agree that the stipulated judgment entered in the first law suit is a final judgment. *Compare Russell,* 678 F.2d at 785–86 (holding that an interim decision of the Tax Court was not a final judgment for purposes of *res judicata* ); *compare also Snyder,* 252 F.2d at 25–26 (litigation as to partial tax liability for single tax year did not bar litigation as to other payments for same year).

Thus, the prior stipulated judgment regarding the Arnolds' income tax liability for tax year 1983 is *res judicata* as to all issues and claims based on tax year 1983, including those that might have been raised, but were not. Therefore, the only remaining question is whether the Arnolds might have raised the employee expense deduction issue in the first law suit. If the answer is yes, the Arnolds' present claim cannot be heard.

The Arnolds submit that they could not have brought the employee business expense deduction issue before the court in the first law suit because they had not yet filed a claim for refund with regard to that issue. The parties agree that 26 U.S.C. § 7422 requires a taxpayer to file a claim for refund with the government as a condition precedent to maintaining a suit for refund. Thus, the Arnolds are correct that they could not have raised this issue before filing a claim for refund. That however does not end the inquiry.

It is the government's position that the Arnolds could have raised the employee business expense deduction issue but failed to do so. Further, the government submits, the Arnolds' failure to bring the employee business expense deduction issue in the first law suit should not excuse them from the application of clearly established law. The court agrees.[3]

---

**3.** The court is aware that this leads to a harsh result in this case. However, as noted by the court in *Russell,* the court "may not decline to apply res judicata in the interests of common

sense and simple justice." *Russell,* 678 F.2d at 785 n. 3 (citing *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)).

As per the memorandum submitted by the Arnolds' counsel:

On or about April 15, 1984, [the Arnolds] filed their 1983 tax return ... The IRS took issue with virtually every item in the tax return, including the fact that the Arnolds had not claimed as income some $55,000 which Lowell Arnold had received in 1983 as part of a personal injury settlement.... The IRS also disallowed $3,968 in business deductions which the Arnolds had claimed.

\* \* \* \* \* \*

The only claim raised in the first claim for relief and first law suit was the claim for refund of taxes related to the proceeds of Lowell Arnolds' personal injury lawsuit.

Arnolds' Memorandum Regarding *Res Judicata*, pp. 2–3.

The Arnolds were or should have been aware of the employee business expense deduction issue when they filed their first claim for refund in 1987. Clearly, the Arnolds were aware of the issue when they filed the first law suit in December of 1988. In fact, the Arnolds filed the second claim for refund on June 15, 1989, seven months before the first law suit was dismissed with prejudice. Moreover, the state of the law regarding a taxpayer's whole tax liability for any given tax year as set forth in *Sunnen* was clearly established at the time the Arnolds allowed the first law suit to be dismissed with prejudice.

It is clear beyond argument that the issue the Arnolds now seek to litigate is an issue they could have raised before the court in the prior litigation regarding the same taxable year. It is neither reasonable to expect, nor a correct statement of the law, that the government is required to separately litigate each refund issue raised by a taxpayer involving in a single tax year. Having had the opportunity to litigate their claims, including the employee business expense deduction claim, the Arnolds are bound by the stipulated judgment of dismissal with prejudice entered in the first law suit.

*Conclusion*

For the above stated reasons, the court reconsiders its prior order (# 20) adopting the Magistrate's Findings and Recommendations (# 13). Upon reconsideration, the court finds that defendant is entitled to summary judgment. Accordingly, defendant's motion for summary judgment (# 3) is GRANTED.