**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roy Gibbons POWELL; et al.,**
**Defendants–Third–Party–**
**Plaintiffs–Appellants.**

**No. 01–16162.**
**D.C. No. CV–99–00224–TUC–RCC.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 22, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Roy Gibbons Powell and Dixie Lee Powell appeal pro se the district court's order granting summary judgment to the United States, which reduced to judgment certain federal income taxes and interest assessed against the Powells. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, after de novo review, *see Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993) (per curiam), we affirm.

The district court correctly granted the United States summary judgment as to the validity of the tax assessments against the Powells because the Powells failed to rebut the presumption that the tax assess-

ments were accurate. *See Palmer v. IRS,* 116 F.3d 1309, 1312 (9th Cir.1997). In addition, the Powells failed to come forward with any evidence to rebut the presumption that they received the requisite notice and demand for payment pursuant to 26 U.S.C. § 6303. *See Hughes v. United States,* 953 F.2d 531, 536 (9th Cir.1992). The district court also correctly found that the Motoqua Common Law Trust was the Powells' alter ego, *cf. Standage v. Standage,* 147 Ariz. 473, 711 P.2d 612, 615 (Ariz. Ct.App.1985), and therefore could be levied to pay the·assessments, *see Wolfe v. United States,* 798 F.2d 1241, 1243 (9th Cir.), *amended by* 806 F.2d 1410 (9th Cir.1986).

The Powells' 1993 criminal conviction for tax evasion does not preclude the current civil action pursuant to the Double Jeopardy Clause. *See Helvering v. Mitchell,* 303 U.S. 391, 399, 58 S.Ct. 630, 82 L.Ed. 917 (1938). Similarly, the voluntary dismissal of a 1999 summons enforcement action against the Powells does not preclude this action pursuant to the res judicata doctrine. *See Russell v. Commissioner,* 678 F.2d 782, 785–86 (9th Cir.1982).

The district court did not abuse its discretion in denying the Powells' post-judgment motions for reconsideration, *see Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1262–63 (9th Cir.1993), and for a stay pending appeal, *see Lopez v. Heckler,* 713 F.2d 1432, 1435–36 (9th Cir.1983).

The Powells' remaining contentions lack merit.

The United States moves for sanctions pursuant to Fed. R.App. P. 38 and 28 U.S.C. § 1912. "This appeal is frivolous because the result is obvious and the arguments of error are wholly without merit."

*Gattuso v. Pecorella,* 733 F.2d 709, 710 (9th Cir.1984) (per curiam). Accordingly, we impose a sanction of $1,500.

AFFIRMED.

** This disposition is not appropriate for publi-