**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOJDEH NAJLE-RAHIM, | No. 20-72031 |
| Petitioner-Appellant, | Tax Ct. No. 15855-15 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted July 21, 2022**

Before: WALLACE, D.W. NELSON, and FERNANDEZ, Circuit Judges.

Dr. Mojdeh Najle-Rahim, proceeding pro se, appeals from the Tax Court's

decision upholding the Commissioner's determination of income tax deficiencies

and application of fraud penalties against Dr. Najle-Rahim and her husband,

Seyed-Jalil Ghadiri-Asli (collectively, "taxpayers") for 2009, 2010, and 2011. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 26 U.S.C. § 7482(a)(1). We review for clear error. *Akland v. Comm'r of Internal Revenue*, 767 F.2d 618, 620-21 (9th Cir. 1985). We affirm.

The Tax Court did not clearly err in sustaining the Commissioner's deficiency determination because the determination is supported by substantial evidence and taxpayers did not provide any contrary evidence. *See Bradford v. Comm'r of Internal Revenue*, 796 F.2d 303, 305 (9th Cir. 1996) (once the government produces "substantial evidence . . . demonstrating that the taxpayer received unreported income," the burden shifts to the taxpayer to show "by a preponderance of the evidence that the determination is arbitrary or erroneous" (internal quotation marks and citations omitted)). Nor did taxpayers provide any evidence substantiating their claimed deductions. *See Sparkman v. Comm'r of Internal Revenue*, 509 F.3d 1149, 1159 (9th Cir. 2007) ("[T]he burden of clearly showing the right to the claimed deduction is on the taxpayer . . . [t]axpayers are required to keep sufficient records to substantiate deductions." (citation and internal quotation marks omitted)).

The Tax Court did not clearly err in sustaining the Commissioner's application of fraud penalties because the finding of fraud is supported by clear and convincing evidence. *See* 26 U.S.C. § 6663(a) ("If any part of any underpayment of tax . . . is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.");

*Bradford*, 796 F.2d at 307 ("[t]he Commissioner must prove fraud by clear and convincing evidence . . . but intent can be inferred from strong circumstantial evidence," including understatement of income, inadequate records, concealment of assets, and failure to cooperate with tax authorities (citations omitted)). The Tax Court properly inferred fraud based on evidence that taxpayers had significantly understated their income and overstated their expenses, failed to maintain records, failed to cooperate with the Commissioner's investigation, and concealed information from their tax preparer, Clinton Young. The Tax Court did not clearly err in finding that taxpayers—educated and sophisticated professionals who had demonstrated their ability to pay careful attention to detail—lacked credibility when they attempted to shift responsibility to Young, and that Young's testimony was credible. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574-75 (1985) (reasoning that a trial court's credibility determinations are entitled to deference); *Estate of Trompeter v. Comm'r of Internal Revenue*, 279 F.3d 767, 774 (9th Cir. 2002) (rejecting argument that "well-educated, sophisticated, and knowledgeable" taxpayers' blind reliance on their experts was sufficient to avoid a finding of fraud).

The Tax Court did not abuse its discretion in denying Dr. Najle-Rahim's post-trial motions to vacate, for reconsideration, and to seek additional discovery because the Tax Court had already considered and rejected the arguments raised in

3

those motions. *See Parkinson v. Comm'r of Internal Revenue*, 647 F.2d 875, 876 (9th Cir. 1981) (holding that a tax court's "denial of a motion for reconsideration will not be overturned on appeal absent a clear abuse of discretion."); *Russell v. Comm'r of Internal Revenue*, 678 F.2d 782, 784 (9th Cir. 1982) (stating standard of review for denial of a motion to vacate). Moreover, none of the requested documents would have changed the trial court's ruling, and the post-trial request for additional discovery was untimely.

Dr. Najle-Rahim has waived any objection to the admission of an unredacted copy of her innocent spouse form by failing to object to its admission before the Tax Court. *See Fenton v. Freedman*, 748 F.2d 1358, 1360 (9th Cir. 1984).

Dr. Najle-Rahim's unopposed request to change the caption in this case to reflect that her husband is not a party to this appeal, filed on August 7, 2020 (Dkt. No. 4), is GRANTED. The Clerk is directed to remove Ghadiri-Asli's name from the case caption.

Dr. Najle-Rahim's request for oral argument and an additional change to the case caption, filed on October 15, 2020 (Dkt. No. 11), is DENIED.

Dr. Najle-Rahim's request to supplement the record on appeal, filed on February 22, 2021 (Dkt. No. 26), is DENIED.

**AFFIRMED.**